UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-10544-RGS

ANGEL PAGAN

v.

LUIS SPENCER

ORDER ON PETITIONER'S
MOTION FOR RELIEF FROM JUDGMENT

March 31, 2010

STEARNS, D.J.

On December 3, 2008, Magistrate Judge Bowler filed a Report recommending that the district court dismiss petitioner Angel Pagan's petition for writ of habeas corpus.[1] On December 15, 2008, Pagan filed his objections to the Report and Recommendation (R & R) (Docket # 27). On January 16, 2009, this court adopted the R & R in its entirety and dismissed the petition with prejudice. (Docket # 28). An Order of Dismissal entered on January 21, 2009. On February 9, 2009, Pagan filed a motion for relief from judgment based on a "newly discovered" evidence (Docket #30).[2] That motion was denied on May 14, 2009. On March 19, 2010, Pagan filed a second motion for relief from judgment, asserting "mistake or inadvertence in the calculations which predicated the Dismissal."

After a review of the record, it is clear that the motion must be denied. First,

---

[1] Before making her Recommendation, Magistrate Judge Bowler reviewed each of the arguments advanced by Pagan in his "Petitioner's Combined Motion and Memorandum in Reply to Respondent [Luis Spencer's] Motion to Dismiss His Petition as Time-Barred." (Docket #25).

[2] The "newly discovered" evidence consisted principally of a sudden awareness that his counsel had been ineffective.

Pagan's motion was filed fourteen months after the entry of the Order of Dismissal. See Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made . . . no more than a year after the entry of the judgment . . . "). Further, Pagan has waived the relief requested. While he has filed numerous pleadings challenging Respondent's arguments that his petition should be precluded as late-filed, including in his objections to the R & R, the instant filing is the first occasion on which he claims an error in the federal court's time-line calculations. A statute of limitations bar, based on the Massachusetts Supreme Judicial Court's (SJC) affirmance of Pagan's state conviction on August 27, 2003, was raised in Respondent's original motion to dismiss. See Resp't Mem. at 4. The R & R adopted August 27, 2003, as the base line date for the time calculations.

> Direct review of petitioner's conviction concluded on August 27, 2003, when the SJC affirmed the conviction. The conviction was then tolled for 90 days during which petitioner had the right to file a petition for certiorari review in the Supreme Court. Ninety days from the date of the SJC's decision is November 25, 2003, allowing the petitioner from November 25, 2003 to November 25, 2004 to file a federal habeas petition.

December 3, 2008, R & R, at 5 (internal citations omitted). Pagan did not raise an objection to the August 27, 2003 operative date until filing this March 2010 (second) motion for relief.

Merits aside, the opportunity to raise this argument has long expired. See Santiago v. Canon U.S.A., 138 F.3d 1, 4 (1st Cir. 1998) (finding that a failure to raise a specific objection to a Report and Recommendation waives the right to review by the district court); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992) ("Failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and

2

those claims not preserved by such objection are precluded on appeal."). For the reasons stated, Pagan's second motion for relief from judgment is DENIED.

          SO ORDERED.

          /s/ Richard G. Stearns

          _____
          UNITED STATES DISTRICT JUDGE